UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANDERSON,

                  Plaintiffs,

v.

ROBERT KOZLOWSKI,
DANIEL S. FOREMAN,
BRIAN MCCLEARY,
DONALD STAWIAJZ,
CITY OF DETROIT and
DETROIT POLICE DEPARTMENT,

                  Defendants,

_____/

CASE NO. 2:03-CV-74008
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO RELATE-BACK TO TIMELY FILED 42 U.S.C. § 1983
COMPLAINT AND/OR REOPEN THE CASE (Doc. Ent. 8) AND PLAINTIFF'S
MOTION TO AMEND 42 U.S.C. § 1983 COMPLAINT (Doc. Ent. 11)**

*Table of Contents*

I.    **RECOMMENDATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.   **REPORT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     A.    **Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     B.    **The Instant Case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
     C.    **Pending Motions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
     D.    ***Heck v. Humphrey*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
     E.    **The Proposed Amended Complaint** . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
     F.    **Plaintiff's Arguments** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**
     G.    **Analysis and Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

III.  **NOTICE TO PARTIES REGARDING OBJECTIONS** . . . . . . . . . . . . . . . . . . . . . . **23**

I.     **RECOMMENDATION:**  The Court should deny plaintiff's November 1, 2007, motion (Doc. Ent. 8) to the extent it is a Rule 60(b) motion for relief from the Court's November 26, 2003, order.  If the Court agrees with this conclusion, it should also deny plaintiff's November 1, 2007, motion (Doc. Ent. 8) and plaintiff's December 14, 2007, motion (Doc. Ent. 11) to the extent these motions seek amendment of the October 8, 2003, complaint.

II.     **REPORT:**

A.     **Background**

On November 22, 2000, a jury found Mark D. Anderson guilty of armed robbery, carjacking, assault with a dangerous weapon, and possession of a firearm at the time of committing or attempting to commit a felony.  *Anderson v. Booker*, Case No. 2:05-CV-73199-VAR-VMM (Doc. Ent. 24 at 4-5).  On December 15, 2000, Anderson was sentenced for violations of Mich. Comp. Laws §§ 750.82 (Assault with Dangerous Weapon (Felonious Assault)); 750.529 (Robbery Armed); 750.529A (Car Jacking); and 750.227BA (Weapons - Felony Firearms).  He is currently incarcerated at Lakeland Correctional Facility (LCF).  *See* www.michigan.gov/corrections, "Offender Search."

Anderson appealed his conviction as of right, and the Michigan Court of Appeals affirmed.  *People v. Anderson*, No. 233783, 2003 WL 133061 (Mich. App. Jan. 3, 2003).  The Michigan Supreme Court denied the application for leave to appeal.  *People v. Anderson*, No. 123303 (Mich. Oct. 31, 2003).  Anderson's motion for reconsideration of this order was also denied.  *People v. Anderson*, No. 123303 (Mich. Feb. 27, 2004).

Anderson then filed a motion for relief from judgment. On May 31, 2005, the Supreme

Court of Michigan denied Anderson's application for leave to appeal the Court of Appeals

December 1, 2004, order. *People v. Anderson*, No. 127918 (Mich. May 31, 2005).

On August 18, 2005, Anderson filed a petition for writ of habeas corpus in this Court.

*Anderson v. Booker*, Case No. 2:05-cv-73199-VAR-VMM. Of particular note is Anderson's

claim that his "conviction was obtained by use of evidence gained pursuant to an

unconstitutional search and seizure and unlawful arrest in violation of due process." *Id*. at Doc.

Ent. 1 at 8. The petition is pending before Judge Roberts.

**B.      The Instant Case**

Mark D. Anderson ("plaintiff") filed a verified civil complaint on October 8, 2003, in the

midst of his direct appeal - after the Court of Appeals of Michigan affirmed his conviction but

before the Supreme Court of Michigan denied the related application for leave to appeal.

Plaintiff named as defendants Robert Kozlowski, Daniel S. Foreman, Brian McCleary, Donald

Stawiajz, Detroit Police Department and the City of Detroit. Doc. Ent. 3 at 2-4 ¶¶ 3-8, 14-15.[1]

The facts underlying this complaint stem from plaintiff's October 16, 1999, arrest. Doc. Ent. 3

¶¶ 9-22. Plaintiff alleged a violation of his Fourth Amendment rights. Doc. Ent. 3 ¶¶ 23-31.

His claims of relief were based upon the Michigan Constitution, the Fourth Amendment of the

United States Constitution, and 42 U.S.C. § 1985(3). Doc. Ent. 3 ¶¶ 32-33. He sought

injunctive and declaratory relief. Doc. Ent. 3 at 12-14.

---

[1]At the time plaintiff filed his complaint, he was incarcerated at Ryan Correctional Facility
(RRF). Doc. Ent. 3 at 15.

On November 5, 2003, Judge Hood referred this case to me for all pretrial matters. Doc. Ent. 5. However, on November 26, 2003, she entered an order of summary dismissal based upon 28 U.S.C. § 1915(e)(2). Citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Schilling .v White*, 58 F.3d 1081, 1085 (6ᵗʰ Cir. 1995), the Court characterized plaintiff's complaint as "address[ing] the constitutionality of his confinement[,]" noted that "[a] judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement[,]" and observed that "[n]either Plaintiff's conviction nor his sentence has been overturned or declared invalid." Doc. Ent. 7 at 2. Specifically, Judge Hood "ORDERED that the complaint [was] dismissed pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted." Doc. Ent. 7 at 3.[2] Judge Hood's order was entered in the midst of Anderson's direct appeal - after the Supreme Court of Michigan denied plaintiff's application for leave to appeal his conviction but before it denied the related motion for reconsideration.

C.    **Pending Motions**

Currently before the Court is Anderson's November 1, 2007 motion to relate-back to his timely filed 42 U.S.C. § 1983 complaint and/or reopen the case (Doc. Ent. 8), filed nearly four years after Judge Hood's November 26, 2003, order of summary dismissal. Specifically, plaintiff requests that the Court "reopen the § 1983 action by ordering[] the complaint be served

---

[2]Section 1915(e)(2) specifically provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . . (B) the action or appeal–(ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Rule 41(b), which governs the effect of an involuntary dismissal, provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (B) and any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

upon the Defendants(s) and requir[ing] them to submit a respon[se] to the controversies presented herein." Doc. Ent. 8 at 3. Judge Hood has referred this motion to me for hearing and determination. Doc. Ent. 10.

On December 14, 2007, plaintiff filed a "motion to amend 42 USC § 1983 civil rights complaint." Doc. Ent. 11. Essentially, plaintiff's filing is a motion to amend pursuant to Fed. R. Civ. P. 15(a)(1). He "seeks an Order from the Court affirming that amendment of the original civil complaint is permitted." Doc. Ent. 11 at 2. On December 28, 2007, Judge Hood referred this motion to me for hearing and determination. Doc. Ent. 13.

**D.     *Heck v. Humphrey***

"A § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-487 (internal footnote omitted). The Court further stated that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnotes omitted). *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (citing *Heck*, 512 U.S. at 486-487).

**E.     The Proposed Amended Complaint**

Along with his December 14, 2007 motion, plaintiff provided the Court with seven (7) copies of his proposed amended 42 U.S.C. § 1983 civil rights complaint. *See* Doc. Ent. 12. The proposed amended complaint specifically names Kozlowski, McCleary, Foreman, James Blanks and the City of Detroit as defendants, as well as "John Doe" officials. Prop. Amend. Compl. ¶¶ 4-7. It is based upon 42 U.S.C. §§ 1983 and 1988; the Fourth, Eighth, and Fourteenth Amendments; and state common law. Prop. Amend. Compl. ¶ 1. The complaint is verified. Prop. Amend. Compl. at 10.

In general, plaintiff contends that "the individual police officer defendants made an unreasonable seizure and search of the person of Mark D. Anderson, violating his rights under the Fourth, Eight[h], and Fourteenth Amendments to the United States Constitution, and that these defendants directed unlawful force against the person of Mark D. Anderson. It is further alleged that these violations and torts [were] committed as a result of police and customs of the City of Detroit." Prop. Amend. Compl. ¶ 3. Plaintiff contends that defendants "failed in their duties to enforce the duty placed upon them, not to abridge nor hinder plaintiff's legal rights,

which proximately caused said injuries without cause, reason, consent, or valid authority[.]" Prop. Amend. Compl. ¶ 7.

The facts underlying the complaint allege that on October 16, 1999, Kozlowski, McCleary and Foreman ordered Anderson to return to the vehicle he had exited "purportedly to investigate whether the vehicle Anderson had been driving was stolen or not; without any objective form of traffic or criminal violations having been committed in their presence." Prop. Amend. Compl. ¶ 8. Plaintiff "had unlawful force directed against his person to make him kneel to the ground and place his hands atop his head." Prop. Amend. Compl. ¶ 9. Plaintiff contends that "during the course of the defendant officers' stop/detention, Anderson had been made to remain on the ground[.]" *Id.* ¶ 11. Anderson moved "because of the discomfort of having been in [the kneeling] position for a long length of time, [and] Kozlowski yelled at him to remain still." Plaintiff contends that he "had not at any time physically resisted in any way, and the unlawful force directed at him was unnecessary, unreasonable and unjustified." *Id.* ¶ 12.

About twenty (20) or thirty (30) minutes later, Kozlowski "returned to the scene and continued restraint/detention over Anderson, by ordering him to stand to his feet to search his person." *Id.* ¶ 13. About fifteen (15) to twenty (20) minutes later, "Kozlowski exited the squad car instructing . . . McCleary and Foreman to place Anderson into handcuffs . . . in the presence of community on-lookers." *Id.* ¶ 16. Kozlowski informed plaintiff that "he was being arrested for possession of a stolen vehicle." *Id.* ¶ 17.

Plaintiff was handcuffed, Kozlowski escorted plaintiff into the rear of the squad car, and the police officers took plaintiff to the Eleventh Detroit Police Station. *Id.* ¶ 18. Plaintiff "was booked and fingerprinted, then told to enter a cell where he remained for approximately 3 [t]o 4

hours after being processed." *Id*. ¶ 19. Plaintiff was "handcuffed again by the defendant police officers, who then conveyed him downtown to the First Detroit Police Station[.]" *Id*. ¶ 20. On the 7th floor of the First Precinct, plaintiff was "handcuffed to a desk where he remained for approximately 1 to 2 hours." *Id*. ¶ 21.

Blanks "enter[ed] the room where Anderson [wa]s handcuffed [and] photographed him and then began to conduct a police interrogation that lasted from 4:15 p.m. to 6:40 p.m." *Id*. ¶ 22. Shortly thereafter, an unknown defendant police officer made plaintiff "sit and eat in a roach infested cell until being made to stand at 10:40 p.m. in two lineups." *Id*. ¶ 23. An unknown police officer made plaintiff "return to the roach infested cell where he was forced into confinement for four-days until being taken by another unknown defendant police officer for video arraignment on October 20, 1999." *Id*. ¶ 24.

Plaintiff contends that "[a]t no time during the events described above, was [he] a threat to the safety of himself or others, or disorderly. He had not, nor had [h]e been engaged in any criminal activity prior to, or at the time of the defendant police officers['] invasion upon the federally protected rights of plaintiff Anderson." *Id*. ¶ 25. Plaintiff contends that "the arresting defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuses to seize the person of the plaintiff." Prop. Amend. Comp. ¶ 26. Plaintiff also contends that "the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events." *Id*. ¶ 27.

Plaintiff alleges violations of the "Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, and freedom from an extended restraint of liberty without being promptly taken before a magistrate or judicial officer, within 48 hours[.]" He also claims to have suffered humiliation, embarrassment, and mental suffering, as well as a violation of his Eighth and Fourteenth Amendment rights "to be free from cruel and unusual punishment, i.e., his right to not have his life or liberty abridged and arbitrarily subjected to the conditions of inhumane confinement while awaiting presentation before a judicial officer sometime in the future[.]" *Id.* ¶ 29. Plaintiff also specifically mentions a violation of his right to be free from "the unreasonable, unjustified, and unlawful force directed against his person without consent[.]" *Id.* ¶ 30.

Plaintiff delineates three causes of action: (1) 42 U.S.C. § 1983 against individual defendants; (2) false and illegal imprisonment against individual defendants; and (3) 42 U.S.C. § 1983 against City of Detroit. *Id.* ¶¶ 31-41. With respect to the second cause of action, plaintiff states that the individual defendants "illegally arrested, imprisoned and subjected the person of Mark D. Anderson to inhumane conditions of confinement for approximately 81 hours following arrest." *Id.* ¶ 34. Plaintiff's third cause of action takes issue with the City of Detroit's customs and policies which exhibit deliberate indifference, result in unreasonable delays of 72 hours, and constitute inadequate supervision and training. *Id.* ¶¶ 36-39, 41. Plaintiff contends that "[a]s a result of the above described customs and policies, police officers of the City of Detroit, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned,

but would be tolerated." *Id*. ¶ 40.  Anderson seeks compensatory damages, as well as attorney fees and costs.  *Id*. at 10.

"[T]he allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  With this in mind, the Court should construe plaintiff's proposed amended complaint as attempting to allege the following federal constitutional violations:  (1) the absence of probable cause to effectuate the stop in violation of the Fourth Amendment; (2) the use of unlawful force during the arrest in violation of the Fourth Amendment; (3) inhumane conditions of pretrial confinement in violation of the Fourteenth Amendment due process clause/Eighth Amendment prohibition against cruel and unusual punishment; and (4) an untimely probable cause determination in violation of the Fourth Amendment.  *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause[.]"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); *Thompson v. County of Medina, Oh.*, 29 F.3d 238, 242 (6th Cir. 1994) (pretrial detainees are protected by the Fourteenth Amendment and are "entitled to the same Eighth Amendment rights as other inmates.") (citations omitted);

and *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975) ("the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention[.]").[3]

## F.     Plaintiff's Arguments

**1.     Plaintiff's motion to relate-back to timely filed 42 U.S.C. § 1983 complaint and/or reopen the case:** Plaintiff files his motion pursuant to Fed. R. Civ. P. 15(c)(2) or, alternatively, Fed. R. Civ. P. 60(b).  Doc. Ent. 8 at 1.  Plaintiff argues that "the § 1983 proceedings rest on unresolved controversies, furthermore, these defects are inconsistent with applicable federal laws."  Doc. Ent. 8 at 3 ¶ 8.

Plaintiff argues that when he filed the instant suit, "the Court never resolved the controversy of whether an individual arrested without a warrant (no probable cause hearing) and held in detention beyond 48 hours" had stated a claim upon which relief may be granted.  Doc. Ent. 8 at 5.  Alternatively, plaintiff argues, "the Court should reopen Plaintiff's § 1983 suit,

---

[3]In *Gerstein*, the Court considered "whether a person arrested and held for trial under a prosecutor's information is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty."  *Gerstein*, 420 U.S. at 105.  The Court noted that "a judicial hearing is not prerequisite to prosecution by information[,]" and "illegal arrest or detention does not void a subsequent conviction."  *Id.* at 119 (citing cases).  "[A]lthough a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."  *Id.* at 119 (citing Fifth Circuit's decision).  Ultimately, the Court determined that "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention[.]" *Id.* at 126.

In his November 1, 2007, brief, plaintiff cites *Mabry v. Kalamazoo County*, 626 F.Supp. 912, 914 (W.D. Mich. 1986) (Enslen, J.).  Doc. Ent. 8 at 5.  Therein, the Court stated, "the Fourth Amendment 'requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.'"  *Mabry*, 626 F.Supp. at 914 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)).  "*Gerstein* was decided in 1975 and the principle that 'the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest' thus was clearly established law by the time of plaintiff's detention in 1983."  *Mabry*, 626 F.Supp. at 917 (quoting *Gerstein*, 420 U.S. at 114).

insofar as *H[e]ck* has no bearing here because Plaintiff has not received a full and fair opportunity to litigate his Fourth Amendment claim in state court, the argument is equally colorable." Doc. Ent. 8 at 5.

In an October 26, 2007, affidavit attached to his motion, plaintiff claims that "the unreasonable delay in bringing affiant before a justice of the peace w[as] attributable to the City of Detroit policy of allowing suspects to be detained, while State officials gather evidence to justify the arrest, beyond 48 hours." Doc. Ent. 8 at 7 ¶ 3. Plaintiff contends that "[a]fter completing the administrative steps incident to arrest - i.e., booked photographed and fingerprinted; there was no legitimate interest in detaining Affiant beyond 48 hours without a probable cause hearing." Doc. Ent. 8 at 7 ¶ 4.

**2.      Plaintiff's motion to amend 42 U.S.C. § 1983 civil rights complaint:** Plaintiff files this motion pursuant to Fed. R. Civ. P. 15(c)(2). Doc. Ent. 11 at 1. He contends that "his amended civil complaint <u>does</u> <u>not</u> challenge nor raise any implication about the validity of the underlying conviction and is found to threaten <u>no</u> consequence to his conviction or to the duration of his sentence." Doc. Ent. 11 at 1 ¶ 2. Plaintiff also claims that amendment of his original compliant "is permitted b[y] right without seeking permission from the Court." Doc. Ent. 11 at 1 ¶ 3.

Plaintiff claims that "the court never resolved the controversy, however, summarily dismissed the complaint because of the principles announced in *Heck*. *Heck*, insofar as to the amended complaint, has no bearing here because it does not challenge nor raise any implication about the validity of the underlying conviction and is found to threaten no consequence t[o] the conviction or to the duration fo the sentence." Doc. Ent. 11 at 3-4.

**G.      Analysis and Conclusion**

**1.**      To a certain extent, plaintiff's requests amount to a motion for reconsideration of the Court's November 26, 2003 order of summary dismissal.  For example, plaintiff's November 1, 2007 motion alleges that "the Court never resolved the controversy of whether an individual arrested without a warrant (no probable cause hearing) and held in detention beyond 48 hours [was] a claim [upon] which relief [could] be granted[.]" Doc. Ent. 8 at 5.  Furthermore, plaintiff's December 14, 2007 motion states that "the court never resolved the controversy, however, summarily dismissed the complaint because of the principles announced in *Heck*." Doc. Ent. 11 at 3.

A brief glance at plaintiff's October 8, 2003, fifteen-page complaint suggests at least some similarity to plaintiff's proposed amended complaint.  For example, when he initiated this lawsuit in 2003, plaintiff alleged that he was "impermissibly subject[ed] . . . to continued detention after dispelling the initial reason for conducting the traffic stop through viable information received through the Law Enforcement Information Network (LEIN), then turning the stop into an illegal fishing expedition for unrelated criminal activity."  Doc. Ent. 3 at 1.  He cited, *inter alia*, *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), as he does in his November 1, 2007 motion.  Doc. Ent. 3 at 6 ¶ 31; Doc. Ent. 8 at 2 ¶ 5.[4]  Furthermore, he alleges

---

[4]Therein, the Court stated that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general mater, comply with the promptness requirement of *Gerstein*."  *County of Riverside*, 500 U.S. at 56.  However, "[s]uch a hearing may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably.  Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake."  *Id.*  The Court went on to state that "[w]here an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes.  In such a case, the arrested individual does not bear the burden of proving an unreasonable delay.  Rather, the burden shifts to the government to demonstrate the existence of a bona fide

a Fourth Amendment violation.  Doc. Ent. 3 at 7-11 ¶¶ 23-31.  It is clear, however, that plaintiff's claims for relief differ.  For example, in his original complaint, plaintiff specifically sought injunctive and declaratory relief.  Doc Ent. 3 at 12-14 ¶¶ A-C.  The proposed amended complaint seeks compensatory damages, costs and attorney fees.  Prop. Amend. Compl. at 10.

To the extent plaintiff is asking the Court to reconsider its November 26, 2003, order, it should be denied.  The Local Rule which governs motions for rehearing or reconsideration provides:

> **(g) Motions for Rehearing or Reconsideration.**
> **(1) Time.** A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
> **(2) No Response and No Hearing Allowed.** No response to the motion and no oral argument are permitted unless the court orders otherwise.
> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).  Even if plaintiff was asking this Court to assess his entitlement to relief under LR 7.1(g)(3), the Court need not engage in the related analysis.  To the extent plaintiff's November 1, 2007, and December 14, 2007, filings are motions for reconsideration of the Court's November 26, 2003, they are untimely.  E.D. Mich. LR 7.1(g)(1).

---

emergency or other extraordinary circumstance." *Id*. at 57.  The Court explained that "[t]he fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance.  Nor, for that matter, do intervening weekends.  A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest." *Id*.

**2.**     Plaintiff's November 1, 2007, motion to relate-back to timely filed 42 U.S.C. § 1983

complaint and/or reopen the case is based in part on Fed. R. Civ. P. 60(b). Doc. Ent. 8 at 1. Fed.

R. Civ. P. 60 governs relief from judgment or order. In pertinent part, it provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to timing, the rule provides that "[a] motion under Rule

60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

It is not clear under which subsection of Rule 60(b) plaintiff is seeking relief, although he

does state that "certain defects in the civil rights proceeding mandate correction pursuant to [Fed.

R. Civ. P.] 60(b)[.]" Doc. Ent. 8 at 1. Furthermore, plaintiff cites certain cases decided after

Judge Hood's November 26, 2003, order: *Muhammad v. Close*, 540 U.S. 749 (Feb. 25, 2004),

and *Hudson v. Michigan*, 547 U.S. 586 (June 15, 2006), and *Wallace v. Kato*, 127 S.Ct. 1091

(Feb. 21, 2007). Doc. Ent. 8 at 2-3 ¶¶ 4, 5. He also claims that *Heck* was undergoing an evolutionary process which left open certain questions. Doc. Ent. 2 at 7 ¶ 5.

If plaintiff's motion for relief from the Court's November 26, 2003, order was brought pursuant to any of the first three subsections, the motion should have been filed by November 26, 2004. Fed. R. Civ. P. 60(c)(1). Therefore, if plaintiff's November 1, 2007, motion was brought pursuant to subsections 60(b)(1), 60(b)(2) or 60(b)(3), it is tardy.

Although this time limit does not apply to subsection 60(b)(4), 60(b)(5) and 60(b)(6) motions, "the Sixth Circuit has held that a motion for relief of judgment under these subsections 'is only cognizable if brought within a reasonable time.'" *Bey v. Allen*, 2007 WL 269532, *3 (E.D. Mich. Jan. 24, 2007) (Lawson, J.) (citing *United States v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003)). "[A] Rule 60(b)(6) motion 'must still be filed within a 'reasonable' time, which ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

It appears that, of these remaining sections, plaintiff's motion would most likely have been brought under Subsection 60(b)(6). I arrive at this conclusion, because the November 26, 2003, judgment is not void (Subsection 60(b)(4)) and Subsection 60(b)(5) would not apply.[5] Therefore, the only remaining option would be Subsection 60(b)(6). Furthermore, plaintiff's

---

[5]"Rule 60(b)(5) does not apply when a later precedent overturns a rule relied upon by a prior case. The 'prior judgment,' 'reversed or otherwise vacated,' must be related to the same proceeding." *Wogoman v. Abramajtys*, 243 Fed.Appx. 885, 888 (6th Cir. 2007). "Injunctions (permanent or temporary), some declaratory judgments, and particularly consent decrees are prospective judgments susceptible to a Rule 60(b)(5) challenge." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 355 F.3d 574, 587 (6th Cir. 2004).

citations to *Muhammad*, *Hudson* and *Wallace*, each of which were decided after Judge Hood's order of summary dismissal, suggest that plaintiff seeks relief on the basis of intervening case law.

"It is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief. This principle holds even if a law is invalidated on state or federal constitutional grounds. Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citations omitted).

This Court's more recent decision in *Bey v. Allen*, 2007 WL 269532 (E.D. Mich. Jan. 24, 2007) (Lawson, J.), provides further guidance. Therein, the Court considered "a motion for relief from an order of summary dismissal ostensibly brought under Federal Rule of Civil Procedure 60(b)(3)." *Bey*, 2007 WL 269532, *1. The Court stated that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Bey*, 2007 WL 269532 at *3 (quoting *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002)). "Even 'a change in controlling law does not in itself constitute extraordinary circumstances warranting Rule 60(b)(6) relief.'" *Id*. at *4 (quoting *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998)). "The difficulty in applying subsection (b)(6) occurs because 'almost every conceivable ground for relief is covered under the first three subsections of Rule

60(b). The 'something more,' then, must include unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (quoting *Olle*, 910 F.2d at 365).

To the extent plaintiff is arguing that the post-November 26, 2003, decisions in *Muhammad*, *Hudson*, and *Wallace* entitle him to relief from Judge Hood's order under Fed. R. Civ. P. 60(b)(6), the Court should reject this argument. These decisions did not overrule *Heck* - the decision on which the Court's November 26, 2003, order was based. If anything, *Muhammad*[6] and *Wallace*,[7] clarified the reach of the Supreme Court's decision in *Heck*. Furthermore, while *Hudson* makes no mention of *Heck*, the Supreme Court concluded that "violation of the 'knock-and-announce' rule [does not necessarily] require[] the suppression of all evidence found in the search." *Hudson*, 547 U.S. at 588, 602.[8] It is not clear how this decision bears upon the Court's November 26, 2003, order of summary dismissal.

Even if these decisions had overruled *Heck*, at least one Court has stated that "[e]volving legal standards are part and parcel of the legal system in this country. As conditions change, so

---

[6]"*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad*, 540 U.S. at 751. "The assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." *Id.* at 751 n.1.

[7]Therein, the Supreme Court held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 127 S.Ct. at 1100. The Supreme Court also stated that "the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial." *Wallace*, 127 S.Ct. at 1097.

[8]"In sum, the social costs of applying the exclusionary rule to knock-and-announce violations are considerable; the incentive to such violations is minimal to begin with, and the extant deterrences against them are substantial-incomparably greater than the factors deterring warrantless entries when *Mapp* was decided. Resort to the massive remedy of suppressing evidence of guilt is unjustified." *Hudson*, 547 U.S. at 599.

must some laws.  That defendant suffered a judgment and paid damages pursuant to legal

doctrine that has subsequently been overruled [by the Supreme Court of the United States] is an

inevitable consequence.  To avoid unending requests for relief in such circumstances, the courts

should revoke final judgments rarely-only in truly extraordinary circumstances." *Allstate Ins.*

*Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F.Supp. 665, 669 (W.D.

Mich. 1991) (citing *C. Wright & A. Miller*, supra, § 2864, at 214-15).  *See also American*

*Economy Ins. Co. v. Reboans, Inc.*, 900 F.Supp. 1246, 1257-1258 (N.D.Cal. Dec. 27, 1994)

("The depublication of *Clary [Corp. v. Union Standard Ins. Co.*, 33 Cal.Rptr.2d 486 (Cal.App. 4

Dist. 1994)] by the California Supreme Court does not rise to the level of an 'extraordinary

circumstance' which would mandate relief under Rule 60(b)(6).").[9]

Therefore, Plaintiff's November 1, 2007 motion does not justify relief from the operation

of the Court's November 26, 2003 order pursuant to Fed. R. Civ. P. 60(b).

**3.**     If the Court agrees with this conclusion, it need not address plaintiff's requests for relief

under Fed. R. Civ. P. 15(c).  "[N]either Rule 15(c), permitting the relation back of amendments,

nor Rule 15(d), permitting supplemental amendments, is applicable in a post-judgment

situation."  *U.S. v. International Broth. of Elec. Workers, Local No. 130*, 72 F.R.D. 507, 513

(E.D. La.1976).  Therefore, to the extent plaintiff's motion to amend is based upon Fed. R. Civ.

P. 15(c), it should be addressed after the Court determines there is a reason to reopen the case.

*Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment, a

party may not seek to amend their complaint without first moving to alter, set aside or vacate

---

[9]*But see Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989)
(citing cases) ("In this circuit, a change in relevant case law by the United States Supreme Court
warrants relief under Fed. R. Civ. P. 60(b)(6).").

judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil procedure."). *See also Anderson v. United States*, 159 Fed.Appx. 936, 937 (11th Cir. 2005) ("Although the motion at issue recites that it was being brought under Fed.R.Civ.P. 15(c), we treat the motion as a post-judgment motion (which it is) under Fed.R.Civ.P. 60(b) because it sought relief from a final judgment of dismissal."); *Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003) ("one cannot use Rule 15(c) once an action has been dismissed and a final judgment entered unless the judgment is set aside under Federal Rules of Civil Procedure 59(e) or 60(b)."), vacating as moot, 349 F.3d 1157 (9th Cir. 2003). *See also Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) ("[T]he presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered. At this juncture, the party making a Rule 59(e) motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion.") (citations omitted).

**4.**     If the Court disagrees with the conclusion that plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b), it should consider the propriety of plaintiff's motion to amend his complaint. With respect to amendments as a matter of course, Fed. R. Civ. P. 15 provides that "A party may amend its pleading once as a matter of course:  (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."  Fed. R. Civ. P. 15(a)(1).

With respect to relation back of amendments, Rule 15 provides in part that "[a]n amendment to a pleading relates back to the date of the original pleading when:  (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to

be set out--in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(A),(B).  "When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency."  Fed. R. Civ. P. 15(c)(2).

While "...the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[leave to amend] is by no means automatic.'"  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993), quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."  *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Although plaintiff's November 1, 2007, and December 14, 2007 filings seek relief pursuant to Fed. R. Civ. P. 15(c)(2), Rule 15 was amended effective December 1, 2007; therefore, this report assumes that plaintiff's motion to amend is based upon Fed. R. Civ. P. 15(c)(1).  In light of my foregoing recommendation with respect to plaintiff's Rule 60(b) motion, this report refrains from addressing each of the factors underlying a decision to permit leave to amend a complaint.

Nonetheless, it is clear that not all of plaintiff's proposed claims would be barred by *Heck*.  For example, *Heck* provides the following in a footnote:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery[], and especially harmless error, [] such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury[], which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Heck*, 512 U.S. at 487 n.7. *See also Chatman v. Slagle*, 107 F.3d 380, 382-384 (6th Cir. 1997) (considering the "applicability of the inevitable discovery doctrine in civil rights cases", the Court stated that "[a]n illegal search or seizure affects only what evidence the state may introduce, not whether a prosecution may go forward and a conviction be obtained.") (citing *Chambers v. Maroney*, 399 U.S. 42, 52-53 (1970) and *Gerstein*, 420 U.S. at 119) (referencing *Heck*, 512 at 487 n.7).

The incidents underlying plaintiff's complaint began on October 16, 1999, and plaintiff was arraigned by video on October 20, 1999. Prop. Amend. Compl. ¶ 24. *Alkire v. Irving*, 330 F.3d 802, 807, 816 n.10 (6th Cir. 2003) (considering "[w]hether the district court erred in finding no violation of Alkire's Fourth Amendment rights not to be held for seventy-two hours on a warrantless arrest[,]" the Court suggested that a claim regarding "Fourth Amendment right not to be held on a warrantless arrest without arraignment for forty-eight hours;" would not be barred by *Heck*). Although plaintiff seeks compensation for his pretrial detention and giving this pro se plaintiff the benefit of the doubt, the Court could construe at least some of his allegations under *Chatman* for the period of time between his arrest and his arraignment. *Wallace*, 127 S.Ct. at 1094 n.1, 1097 ("the statute of limitations on petitioner's § 1983 [Fourth Amendment false-arrest] claim commenced to run when he appeared before the examining magistrate and was

bound over for trial.").  For example, plaintiff alleges a "loss of family company during the period of arrest and pre-trial detention[,]" and "[a]ctual loss of time from employment, wages, earnings and other compensation associated with said business, employment and opportunities, in that plaintiff was restricted in his liberty to work and earn wages and future earnings between the incident [10/16/1999] and date of trial [11/20/00 and 11/22/00]."  Prop. Amend. Compl. ¶ 29. In sum, it appears that plaintiff's Fourth Amendment *Gerstein* claim may not necessarily imply the invalidity of plaintiff's convictions.

If, after review of the *Foman* factors and each of plaintiff's proposed claims, the Court grants plaintiff's Rule 60(b) and 15(c) motions, it should also enter an order directing the Clerk's Office to file the proposed amended complaint and directing the U.S. Marshal to effect service.[10]

## III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir.

---

[10]On October 8, 2003, I entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments.  Doc. Ent. 2.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


   s/Paul J. Komives                               
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE


Dated July 18, 2008



## PROOF OF SERVICE

I certify that a copy of the foregoing document was served upon Mark Anderson and counsel of record via electronic and/or ordinary mail.


s/Eddrey Butts
Case Manager