**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK ANDERSON,

       Plaintiff,

                                          Case No. 03-CV-74008
                                          Judge Denise Page Hood

ROBERT KOZLOWSKI, et al.,

       Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND
## DENYING PLAINTIFF'S MOTIONS TO REOPEN THE CASE AND AMEND THE COMPLAINT

This matter is before the Court on Magistrate Judge Paul Komives' Report and Recommendation ("R&R") dated July 18, 2008, **[Docket No. 14]**, recommending that the Court deny Plaintiff's Motion to Relate-Back to Timely Filed 42 U.S.C. § 1983 and/or Reopen the Case ("Motion") **[Docket No. 8, filed Nov. 1, 2007]**. On September 18, 2008, the Plaintiff, Mark Anderson, filed a *pro se* Objection to the R&R **[Docket No. 17]**.

Liberally construing the Objection, it appears that Anderson is arguing that the "party presentation principle" and the rule of *In re Shelton*, 295 F.3d 620 (6th Cir. 2002) should be applied to reject the R&R as it improperly characterized his pleading. Anderson specifically objects to seven portions of the R&R that interpret his November 1, 2007 Motion as a motion for reconsideration of this Court's November 26, 2003 Order, and its subsequent application of the Rule 60(b) analysis. Instead, Anderson maintains that the Court should allow his original pleading to be amended, despite this Court's November 26, 2003 Order.

After reviewing the record *de novo*, the Court concludes that the objections are without merit and are denied. Anderson wrongly relies on *Greenlawn v. United States*, 128 S.Ct. 2559, 2564

(2008), to argue that the Magistrate Judge violated the party presentation principle by mischaracterizing his pleadings. However, as *Greenlawn* explains the party presentation principle is a doctrine that courts rely on to limit their decisions to the questions presented by the litigants. *Id.* ("Courts do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties."). Accordingly, Anderson's objection to the R&R in this regard is denied. Moreover, this Court finds that Anderson's Motion was not recharacterized by the Magistrate Judge; in fact, the R&R properly treated the Motion as a motion for reconsideration as it did not qualify for any other form of post-judgment relief as it was filed nearly four years after the order it proposes to reopen was entered. *See Anderson v. United States*, 159 Fed. Appx. 936, 937 (11th Cir. 2005) ("Although the motion at issue recites that it was being brought under Fed. R. Civ. P. 15(c), we treat the motion as a post-judgment motion (which it is) under Fed. R. Civ. P. 60(b) because it sought relief from a final judgment of dismissal.").

This Court also agrees with the R&R in regards to Anderson's Motion to Amend 42 U.S.C. 1983 Complaint pursuant to Fed. R. Civ. P. 15. Anderson's objection wrongfully maintains that his original Complaint should have been amended pursuant to Fed. R. Civ. P. 15, despite this Court's November 26, 2003 Order. However, following the entry of a final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60. *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002); *see also Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) ("[T]he presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered.").

Anderson's objection also cites *In re Shelton* and its progeny to argue that the Magistrate

Judge improperly characterized his pleading. The rule of *In re Shelton* provides:

> [A] district court may not recharacterize a *pro se* litigants motion as a request for relief under 28 U.S.C. § 2225-unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.

*Castro v. U.S.*, 540 U.S. 375, 382 (2003) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). In explaining the *In re Shelton* rule, the Sixth Circuit stated that "[c]onverting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim." *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). The rule of *In re Shelton* is inapplicable to Anderson's Motion as the Magistrate Judge did not recharacterize his Motion as a request for relief under § 2225, but rather as a motion to reopen the case, as titled by Anderson himself. Consequently, Anderson is not entitled to the notice of recharacterization afforded by the *In re Shelton* rule, and his objection is denied.

Finally, Anderson relies on *Muhammad v. Close*, 540 U.S. 749 (2004) to argue that this Court's November 26, 2003 Order should be dismissed. However, the Court is unable to ascertain Anderson's reliance on *Muhammad v. Close*, or under what rule of law he seeks to overturn this Court's previous order. Accordingly, this objection is also denied. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners...is not boundless...and liberal construction does not require a court to conjure allegations on a litigant's behalf.").

The Court has had an opportunity to review the well-reasoned Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that both the Plaintiff's November 1, 2007 Motion **[Docket No. 8]**, and December 14, 2007 Motion to Amend the Complaint **[Docket No. 11]** should be denied. The

Court also reaffirms the reasoning set forth in its November 26, 2003 Order **[Docket No. 7]**. The Court also agrees that Plaintiff's December 14, 2007 Motion amounts to a motion for reconsideration, and for the reasons stated in the R&R are either untimely or do not merit relief under Fed. R. Civ. P. 60.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Komives' Report and Recommendation dated July 18, 2008 is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Relate-Back to Timely Filed 42 U.S.C. § 1983 Complaint and/or Reopen the Case **[Docket No. 8, filed November 1, 2007]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint **[Docket No. 11, filed December 14, 2007]** is **DENIED** as **MOOT.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Mark Anderson #325850, LAKELAND CORRECTIONAL FACILITY, 141 First Street, Coldwater, MI 49036.
on September 30, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager